10685

### BRANNON v. HARRIS *ET AL*

(109 S. E. 396)

1. PRINCIPAL AND SURETY—FAILURE TO RECORD MORTGAGE SECURITY, FOR NOTES DOES NOT RELEASE SURETY.—Where surety on a note indorsed without understanding that it was to be secured by a mortgage, without inquiring as to whether security was taken or whether it was in proper shape or recorded, and exercised no vigilance for his own protection, as by requesting that the mortgage be recorded, he is not released from liability because of loss in the value of the security caused by the failure of the obligee to record the mortgage.

2. PRINCIPAL AND SURETY—TO RELEASE SURETY THE ACT COMMITTED OR OMITTED BY THE OBLIGEE MUST BE ENJOINED ON HIM BY EQUITY AND REQUIRED OF HIM BY THE SURETY.—To effect the discharge of a surety, the act complained of on the part of the creditor must be of a positive character or an omission to perform some act, when required by the surety, which equity enjoined upon him and the omission of which proved injurious to the surety.

Before TOWNSEND, J., Union, ———, 1921.  Affirmed.

Action by A. B. Brannon against G. B. Harris and L. E. Garner.  From directed verdict for plaintiff the defendant Garner appeals.

*Messrs. J. Clough Wallace* and *Jno. K. Hamblin,* for appellant, cite: *Creditor chargeable to debtor for loss arising from his negligence in not collecting on collateral pledged for the debts*: 37 S. C., 211.  *Damages recoverable*

*for depreciation in securities*: 53 S. C. 132; 91 S. C. 122; 91 S. C. 323; 3 A. & E. Enc. L. (2nd Ed.) 733; 22 Id. 899; 27 Id. 516; 22 Id. 902. *Acts which will discharge a surety*: 3 Strob. Ed. 59; 10 S. C. 197; 10 S. C. 235; 68 S. C. 13; 83 S. C. 553.

*Messrs. Barron, Barron & Barron,* for respondent, cite: *Creditor not called on to record mortgage for benefit of third party except upon request*: Strob. Eq. 64, 91 S. C. 316.

August 1, 1921.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

This is an appeal from judgment entered upon a directed verdict in favor of plaintiff by his Honor Judge Townsend. At the close of the evidence a motion was made by both parties for a directed verdict in their favor—that of the plaintiff for full amount against both defendants; that of defendants for full amount against Harris and against Garner for $79.72. His Honor directed a verdict against both defendants for the sum of $564.89. Defendant Garner appeals on the following exceptions:

"(1) His Honor erred in holding that it was necessary for the indorser and accommodation surety, L. E. Garner, to request or demand of the plaintiff that he have the mortgage recorded before he could claim credit for any loss or damage to the security from plaintiff's neglect to have the said mortgage recorded, and in not holding that the failure to have the mortgage recorded under such request or demand would have absolutely discharged the surety from all liability on the note.

"(2) His Honor erred in not holding that under the law the surety accommodation indorser, L. E. Garner, was entitled to credit on the note evidencing the debt sued on

for all loss or damage caused by the plaintiff's neglecting to have the said mortgage recorded, resulting in the deterioration and depreciation of the security held for the payment of said debt, and in not directing the verdict as moved by defendant's counsel.

"(3) His Honor erred in directing the verdict against both defendants for the full amount due on the debt evidenced by said note."

It will be seen that Harris had practically no defense and does not appeal. Garner's defense is that plaintiff should have recorded his security, and, if he had done so, he would have had first mortgage over the mules, instead of second mortgage. The evidence shows that, when the trade was closed between Brannon and Harris, Garner was not present. Harris took mortgage on his own initiative, without suggestion from any one. Garner does not suggest that the security was to be taken for the protection of himself, and that the taking in any manner influenced him in indorsing the note, but says that the matter was not mentioned between Brannon and himself, but that he knew Brannon had taken the security. The evidence shows conclusively that Brannon took the mortgage for his own protection. Garner did not suggest it at the time it was taken, knew nothing about it until later; indorsed the note with no understanding that such security was to be taken, or that he was to be benefited thereby. He simply assumed that plaintiff would do what he could to secure the note. He made no inquiry as to whether security was taken, whether it was in proper shape, whether it was recorded or not. He simply did nothing to protect his indorsement, and by his carelessness he cannot now be relieved from paying the debt he obligated himself to pay when he indorsed the note sued upon. He exercised no vigilance at all for his protection.

All exceptions are overruled, and judgment affiimed.

Mr. Chief Justice Gary and Mr. Justice Fraser concur.

. Mr. Justice Cothran . (concurring) : The point in this case is whether or not a surety is discharged in full or pro tanto by reason of ¡loss resulting from the failure of the creditor to record a mortgage which the principal debtor had executed to the creditor as security for the debt. The question, in both aspects, is absolutely foreclosed by the cases below cited, which declare that, in order to effect the discharge of the surety, the act complained of on the part of the creditor must be of a positive character, or an omission to do so when required by the surety, which equity enjoined upon him, and the omission of which proved injurious to the surety. *Lang v Brevard,* 3 Strob. Eq. 59; *Hampton v. Levy,* 1 McCord. Eq. 107; *Smith v. Tunno,* 1 McCord. Eq. 443, 16 Am. Dec. 617; *Jackson v. Patrick,* 10 S. C. 197; *Rosborough v. McAlily,* 10 S. C. 235; *Hellams v. Abercrombie,* 15 S. C. 110, 40 Am. Rep. 684; *Gardner v. Gardner,* 23 S. C. 593; *Greenville v. Ormand,* 51 S. C. 129, 28 S. E. 147; *Fales v. Browning,* 68 S. C. 13, 46 S. E. 545; *Bank v McMillan,* 76 S. C. 561, 57 S. E. 630.

I therefore concur in the judgment announced in the opinion of Mr. Justice Watts.